UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF FLORIDA

```
-------------------------------------------------------------------------------X
NOELLE LLAMAS and KEN KLIPPENSTEIN,            :
    Plaintiffs,                                :
         - v. -                                :    6:20-cv-02221
U.S. DEPARTMENT OF JUSTICE,                    :
    Defendant.                                 :
-------------------------------------------------------------------------------X
```

## COMPLAINT

1. This is an action under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), to order the production of U.S. Department of Justice ("DOJ") records related to the number of crime reports received annually by DOJ for unauthorized disclosures of classified information from 2009 to October 16, 2020, as well as the reports themselves for that timespan. Defendant DOJ has withheld these records despite properly filed FOIA requests.

## PARTIES

2. Defendant U.S. Department of Justice (DOJ) is an agency of the United States with possession and control of the records sought by Plaintiffs.

3. Plaintiff Noelle Llamas is a Florida resident who, as a student, has a permanent address of 32333 Okaloosa Trail, Sorrento, Florida 32776, and who also resides at 4420 Leola Lane, Orlando, Florida 32812. Plaintiff Ken Klippenstein is the D.C. Correspondent for The Nation

magazine reporting on national security issues and conduct of government agencies, whose work has been referenced by The New York Times, The Washington Post, The Los Angeles Times, The Atlantic and other mainstream media outlets.

4. Klippenstein intends to use the records to create a distinct work, educating the public about the conduct of government agencies and the reporting of unauthorized disclosures of classified information, as well as how frequently unauthorized disclosures of classified information are referred to the DOJ annually. Klippenstein intends to disseminate this information, which is of interest to a segment of the public, via a news article.

## JURISDICTION AND VENUE

5. This court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B).

6. Plaintiff Noelle Llamas' residence is in the Middle District of Florida and therefore venue is appropriate under 5 U.S.C. § 552(a)(4)(B).

## FACTS

### Background of FOIA Requests

7. On October 16, 2020, Plaintiffs submitted two FOIA requests as PDF attachments via two emails to the National Security Division, Counterintelligence and Export Control Section of the U.S. Department of Justice at nsdfoia@usdoj.gov.

8. The first FOIA request sought the following records: "I respectfully request records sufficient to show the total number of "crime reports" each year concerning unauthorized disclosure of classified information that were received by the Department in calendar years 2009, 2010,

2011, 2012, 2013, 2014, 2015, 2016, 2017, 2018, 2019, and 2020 through October 16, 2020."

9. The second FOIA request sought the following records: "I respectfully request copies of all crime reports concerning unauthorized disclosure of classified information that were received by the Department of Justice between January 1, 2009 and October 16, 2020."

10. "'Crimes reports' are official notifications that are sent by U.S. intelligence agencies to the Department of Justice when an unauthorized disclosure of classified information (or another potential federal crime) is believed to have occurred.  Crimes reporting is required by statute, by executive order, and by interagency agreement between the Attorney General and the heads of intelligence agencies."[1]

11. Beginning in 2009, prosecutions for unauthorized disclosures of classified information increased as a result of an aggressive legal offensive to stop leaks to the media; the prior forty years had only seen three prosecutions for such disclosures.[2]  Since January 20, 2017, there has been a growing amount of animosity exhibited by the government and its agencies and representatives towards news media corporations as well as individual representatives of the news media, culminating in a growing desire to find the sources of leaks to the news media.

12. Insight into the amount of crime reports submitted annually to DOJ for unauthorized disclosures of classified information from 2009 to October, 2020, as well as the reports themselves, is critical to understanding the relationship between the government, its employees and news media corporations as well as individual representatives of the news media and will help the general public understand the operations or activities of the

---

[1] https://fas.org/blogs/secrecy/2012/12/crimes_reports/
[2] https://www.politico.com/story/2011/03/obamas-hard-line-on-leaks-050761

government, how aggressive prosecutions have a chilling effect on whistleblowers, and how this shapes the public's perception of national security.

## FOIA Requests and Constructive Denials

13. On October 16, 2020, Plaintiffs submitted a FOIA request to DOJ for annual totals of crime reports for the unauthorized disclosure of classified information for calendar years beginning in 2009 and ending October 16, 2020 ("Request 1"). (Exhibit A)

14. Also on October 16, 2020, Plaintiffs submitted a FOIA request to DOJ for the crime reports related to the unauthorized disclosure of classified information from January 1, 2009 through October 16, 2020 ("Request 2"). (Exhibit B)

15. To date, Plaintiffs have received no response from DOJ acknowledging receipt of Request 1 or Request 2.

16. DOJ has failed to provide - or formally deny - documents within twenty working days, and therefore has constructively denied Request 1 and Request 2 under 5 U.S. Code § 552(a)(6)(A)(ii).

17. DOJ is charged with the duty to provide public access to records in its possession consistent with the requirements of the FOIA.  DOJ's refusal to provide Plaintiffs with the records requested or make a determination on Plaintiffs' FOIA requests within 20 working days of October 16, 2020, is a violation of FOIA.

## CAUSE OF ACTION

Violation of the Freedom of Information Act for Wrongful Withholding of Agency Records

18. Plaintiffs repeat and reallege paragraphs 1-17.

19. Defendant DOJ has wrongfully withheld agency records requested by Plaintiffs.

20. Plaintiffs have exhausted all administrative remedies.

## **REQUESTED RELIEF**

WHEREFORE, Plaintiffs request this Court:

(A) Order Defendant to provide access to the requested documents in their entirety;

(B) Expedite this proceeding as provided for in 28 U.S.C. § 1657;

(C) Award Plaintiffs costs and reasonable attorney fees in this action, as provided in 5 U.S.C. § 552(a)(4)(E); and

(D) Grant such other and further relief as may deem just and proper.

Dated:  December 5, 2020.

By: *Elizabeth E. Bourdon*
_____

Elizabeth E. Bourdon, B.C.S.
Florida Bar No. 946591
435 N. Orange Ave., Suite 400
Orlando, FL 32801
(407) 797-1012
bbourdon@me.com
*Pro Bono Counsel for Plaintiffs*